## LEATHER et al. v. WHITE.

(Circuit Court of Appeals, Seventh Circuit. February 7, 1924.)

No. 3086.

1. **United States ⬅135—United States indispensable party to suit to recover property transferred to it.**

The United States is an indispensable party to minority stockholders' suit to recover corporate property which had been transferred to it.

2. **United States ⬅125—Cannot be sued without its consent.**

Without its consent the United States cannot be sued by minority stockholders to recover corporate property transferred to it.

3. **Equity ⬅362—Bill dismissed where indispensable party cannot be brought in.**

Where the real party in interest, an indispensable party, cannot be brought before the court, the bill must be dismissed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by William Leather and another against Mark J. White. Decree for defendant, and complainants appeal. Affirmed.

Oliver J. Cook, of Chicago, Ill., for appellants.

Edw. R. Johnston, of Chicago, Ill., for appellee.

Before EVAN A. EVANS and PAGE, Circuit Judges, and GEIGER, District Judge.

EVAN A. EVANS, Circuit Judge. [1] This is, to borrow appellants' language, a suit "in rem by the minority stockholders of Speedway Park Association against defendant, White, as an individual to recover corporation property * * * misappropriated by Edward Hines et al. as majority stockholders and directors, who thereby created a fraudulent title to the land, and then, with their eyes open, spoliated the improvements and thereafter transferred it to the United States." The bill charges wrongful acts and misconduct upon the part of certain officers and stockholders of the Speedway Park Association, an Illinois corporation, whereby its property, consisting of 320 acres, improved for race track purposes, was transferred to Edward

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

H. Thomas without adequate consideration, but with a secret agreement that he would account for profits made out of a resale to Edward Hines and others, termed majority stockholders of said company; that said Thomas transferred the property to the United States government after a hospital building had been constructed or partially constructed thereon; that thereafter the defendant, White, representing the United States government, took charge of the said hospital property, and has since been in possession thereof.

While the corporation is also joined as a party, White is the only adverse defendant. It is therefore unnecessary to consider whether the bill states a good cause of action against Hines and other stockholders charged with fraud and mismanagement of the company's corporate affairs.

[2, 3] In view of the relief sought, the recovery of the land, the United States was an indispensable party. Gouge v. Hart (D. C.) 250 Fed. 802; Belknap v. Schild, 161 U. S. 10, 16 Sup. Ct. 443, 40 L. Ed. 599; Cunningham v. Macon & Brunswick R. R. Co., 109 U. S. 446, 3 Sup. Ct. 292, 609, 27 L. Ed. 992. Without its consent the United States could not be sued in such an action. Louisiana v. McAdoo, 234 U. S. 627, 34 Sup. Ct. 938, 58 L. Ed. 1506. Where the real party in interest, an indispensable party, cannot be brought before the court, the bill must be dismissed.

Other alleged defects in the bill need not be considered.

It may be that plaintiffs are entitled to some relief against certain officers and stockholders not named as parties herein. It would, however, serve no useful purpose to remand with directions to permit plaintiffs to amend their bill and join such defendants, because it does not appear that the federal court would have jurisdiction of such a suit. In fact, it rather affirmatively appears that the necessary diversity of citizenship would be lacking, and the federal court would be without jurisdiction.

The decree is affirmed.