## MARYLAND CASUALTY CO. v. CHARLESTON LEAD WORKS et al.

District Court, E. D. South Carolina. March 8, 1928.

### No. 405.

**1. Internal revenue ⬅26—Lien for nonpayment of income tax is statutory lien, and attaches immediately on failure to pay tax (26 USCA § 115).**

Lien upon property of corporation for unpaid income tax under Rev. St. § 3186, as amended by Act March 1, 1879, § 3, and Act March 4, 1913 (26 USCA § 115; Comp. St. § 5908), attaches immediately on receiving assessment list and upon neglect and failure to pay taxes on demand; lien being purely statutory and in favor of the United States.

**2. Internal revenue ⬅26—Statutory procedure prescribed for enforcement of lien for unpaid income tax held exclusive (Rev. St. § 3207, as amended by Revenue Act 1924, § 1030, as re-enacted in Revenue Act 1926, § 1127 [26 USCA § 136]).**

Rev. St. § 3207, as amended by Revenue Act 1924, § 1030, re-enacted in Revenue Act 1926, § 1127 (26 USCA § 136), relating to necessary procedure to enforce lien for federal income tax, held, to provide exclusive remedy for judicial determination of lien, inasmuch as lien is purely statutory.

**3. Internal revenue ⬅26—Lien on taxpayer's property for unpaid federal income taxes is property of United States, not subject to disposition of collector of internal revenue (26 USCA § 115).**

Lien on property of delinquent taxpayer for unpaid income tax is exclusive right of United States, and collector of internal revenue has no right to dispose of it under Rev. St. § 3186, as amended by Act March 1, 1879, § 3, and Act March 4, 1913 (26 USCA § 115; Comp. St. § 5908).

**4. Internal revenue ⬅23—Surety on bond given to secure extension of time for payment of income tax may not have lien for taxes enforced on theory of subrogation or exoneration, where taxes remain unpaid (26 USCA § 115).**

Surety on bond of corporation executed in favor of collector of internal revenue to secure extension to corporation for payment of past-due income taxes may not establish right to have lien of United States for taxes enforced as prior lien and proceeds applied to satisfaction of tax, on theory of subrogation or exoneration, where tax remains unpaid, in view of Rev. St. § 3186, as amended by Act March 1, 1879, § 3, and Act March 4, 1913 (26 USCA § 115; Comp. St. § 5908), Rev. St. § 3207, as amended by Revenue Act 1924, § 1030, as re-enacted in Revenue Act 1926, § 1127 (26 USCA § 136), and Act March 3, 1887, §§ 5, 6 (28 USCA §§ 762, 763).

**5. Subrogation ⬅28—Surety may not have subrogation unless debt is paid in full.**

Rule is clearly established that, in order for surety to have subrogation, debt must be paid in full.

**6. Principal and surety ⬅182—Right to "exoneration" arises where party secondarily liable has paid principal's obligation or some part thereof.**

Right to exoneration arises between parties who are liable for the same debt when party secondarily liable has paid principal's obligation or any part thereof entitling him to reimbursement by principal debtor.

[Ed. Note.—For other definitions, see Words and Phrases, Exonerate—Exoneration.]

**7. United States ⬅135—United States held necessary party in suit by surety on bond given collector of internal revenue for extension for taxpayer, to secure exoneration and enforcement of lien for income tax (26 USCA § 115; Rev. St. § 3207, as amended by Revenue Act 1924, § 1030, as re-enacted in Revenue Act 1926, § 1127 [26 USCA § 136]; Act March 3, 1887, §§ 5, 6 [28 USCA §§ 762, 763]).**

In suit by surety on corporation's bond, given to collector of internal revenue to secure extension of time for payment of federal income tax, to be exonerated as surety and to have lien of United States for taxes enforced as lien prior to outstanding mortgage and to have proceeds applied to satisfaction of tax, United States held, necessary party in interest under Rev. St. § 3186, as amended by Act March 1, 1879, § 3, and Act March 4, 1913 (26 USCA § 115; Comp. St. § 5908), Rev. St. § 3207, as amended by Revenue Act 1924, § 1030, as re-enacted in Revenue Act 1926, § 1127 (26 USCA § 136), Act March 3, 1887, §§ 5, 6 (28 USCA §§ 762, 763), and Rev. St. § 3184 (26 USCA § 104; Comp. St. § 5906).

**8. United States ⬅125(1)—United States cannot be sued without its consent.**

Suit cannot be brought against United States without its consent.

9. **Internal revenue** ⊜⇒23—Collector of internal revenue held not proper party in suit to compel enforcement of lien for federal income taxes brought by surety on taxpayer's bond given to secure extension of income tax payment (26 USCA §§ 104, 115; Act March 3, 1887, §§ 5, 6 [28 USCA §§ 762, 763]; Rev. St. § 3207, as amended by Revenue Act 1924, § 1030, as re-enacted in Revenue Act 1926, § 1127 [26 USCA § 136]).

Collector of internal revenue *held* not party in interest in suit by surety on bond, given collector to secure extension of time for principal's payment of income tax, in which surety sought exoneration and enforcement of lien of United States for taxes as lien prior to outstanding mortgage, and application of proceeds to satisfaction of tax, since disposition of lien is within control of United States not of collector, under Rev. St. § 3186, as amended by Act March 1, 1879, § 3, and Act March 4, 1913 (26 USCA § 115; Comp. St. § 5908), Rev. St. § 3207, as amended by Revenue Act 1924, § 1030, as re-enacted in Revenue Act 1926, § 1127 (26 USCA § 136), Act March 3, 1887, §§ 5, 6, (28 USCA §§ 762, 763), and Rev. St. § 3184 (26 USCA § 104; Comp. St. § 5906).

In Equity. Suit by the Maryland Casualty Company against the Charleston Lead Works, John F. Jones, and another. On motion of last-named defendant for a dismissal of the complaint as against him. Motion granted.

Hyde, Mann & Figg, of Charleston, S. C., for plaintiff.

J. D. E. Meyer, U. S. Atty., of Charleston, S. C., for defendant Jones.

Before HALE, District Judge (retired) of Maine, holding in this District under designation of the Chief Justice.

HALE, District Judge. The complainant, Maryland Casualty Company, a Maryland corporation, brings its bill in equity against the Charleston Lead Works, a South Carolina corporation, and against John F. Jones, a citizen of South Carolina, alleging that he is a citizen of the United States and resident of the state of South Carolina, and ever since and prior to the year 1925 has held the office of collector of United States internal revenue for the district of South Carolina, and is sued in his own right and as such collector. After stating the jurisdictional facts, the bill alleges that the Commissioner of Internal Revenue assessed a deficiency income tax for 1917 in the amount of $2,484.79 against the Charleston Lead Works, one of the defendants, which amount was entered on the assessment list for April, 1921, transmitted by the Commissioner of Internal Revenue to the then collector of United States internal revenue for the district of South Carolina, which assessment thereby became, and has since remained, a lien upon all of the real and personal property of the Charleston Lead Works, a description of the property owned by that defendant being set out; that, while said lien was in full force and effect, May 1, 1922, the Charleston Lead Works executed a mortgage to the South Carolina Loan & Trust Company, as trustee, also one of the defendants, to secure an issue of $90,000 of bonds, what part thereof having been issued or outstanding the complainant alleging want of knowledge; that the complainant is informed and believes that the mortgage was taken by the South Carolina Loan & Trust Company with actual knowledge of the lien for federal taxes; that on March 15, 1925, the complainant, as surety, and the Charleston Lead Works, as principal, executed a bond in the amount of $3,500 to John F. Jones, as collector of internal revenue for the district of South Carolina, or his successors in office, to secure to the principal an extension of six months' time for the payment of the 1917 taxes, the condition being that the said principal should indemnify the defendant John F. Jones, collector of internal revenue, district of South Carolina, or his successors in office, against loss, costs, damages, or expense to which he might be put by reason of granting such extension of time.

It is further averred that the principal, the Charleston Lead Works, has failed to pay the tax, and that the said collector, on November 19, 1925, made demand on complainant for the amount due on account thereof; that the Charleston Lead Works is believed to be insolvent and wholly unable to pay the tax, that the persons who made application to the complainant to become surety on the bond are insolvent, and complainant is without adequate remedy against them.

Upon these facts the complainant alleges that it is entitled to be exonerated as surety upon said bond, and to have the lien of the United States for said tax enforced as a lien prior to the mortgage in favor of the South Carolina Loan & Trust Company, as trustee, and the proceeds arising from sale of the property be first applied to the satisfaction of said tax.

Appearing specially for that purpose John F. Jones has filed his motion to dismiss this action as against him upon the ground that it appears upon the face of the complaint that he has no interest in the action whatever, or in the subject-matter thereof; that he has no lien on the property described in the complaint; that the lien referred to

is in favor of the United States, and that, while he is named as defendant, the real party in interest is the government of the United States; that the United States has a lien on the property described in the complaint; and that the United States may not be sued in this action without its consent, which consent has not been given.

It will be seen that the bill alleges assessment of an income tax against the Charleston Lead Works; that the government acquired a lien upon the real and personal property of the Charleston Lead Works, and, while the lien was in force and effect, May 1, 1922, the Charleston Lead Works executed a mortgage to the South Carolina Loan & Trust Company upon certain real estate; that the United States has a lien for taxes on this property; that John F. Jones, as collector of internal revenue, has a bond to secure these taxes; and, in the action against Jones, "sued in his own right as such collector," the complainant seeks to have itself placed in the position of the United States with reference to the lien, to exercise the right of the United States to enforce the lien by sale of the premises, and to have the proceeds of the sale applied to the satisfaction of the taxes, so that the obligation of the bond may be extinguished.

It is not alleged that the United States has given its consent to being made a party to the action, and it is claimed that such consent is not required, because the action is against Jones personally and as Collector. The complainant seeks the processes and remedy of the equity court in a suit between private persons in discharging a debt which, it claims, is an obligation arising from its alleged contract with Jones, who was alleged to be a mere private person, and that the words "collector of internal revenue" are merely descriptive of such person. To establish the responsibility of Jones as a private person, the plaintiff cites section 3184, Revised Statutes, Act of July 13, 1866, c. 184, § 9, 14 Stat. 106; March 2, 1867, c. 169, § 8, 14 Stat. 473; Dec. 24, 1872, c. 13, § 2, 17 Stat. 402 (26 USCA § 104; Comp. St. § 5906). These statutes direct collectors of internal revenue to collect taxes in their several Districts. The learned counsel for the complainant cites further statutes providing that the collector shall be charged with the amount of taxes. These statutes cited appear to be administrative provisions. Their direction to collect taxes and record an account for them are, I think, intended to give such power to collectors by virtue of their office, and not as private persons. But

from these provisions, which I think are administrative, the learned counsel for the complainant seeks to establish the proposition that the collector of internal revenue is personally liable for all internal revenue taxes assessed in his district, that the bond executed to him to secure these taxes is a bond to him personally, and that a suit involving such bond is properly brought against him personally. The complainant brings to my attention cases holding that an officer of the United States may be sued in matters where the rights asserted and the relief asked for are against the defendants as individuals.

The lien in question is based upon section 3186 (amended by section 3, Act of March 1, 1879 [20 Stat. 327], and Act of March 4, 1913 [37 Stat. 1016; 26 USCA § 115; Comp. St. § 5908]), which provides: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States from the time when the assessment list was received by the collector."

[1] It will be seen that by virtue of this statute, the lien attached spontaneously when the assessment list was received and upon neglect and failure to pay the taxes on demand. No action is required by the collector to effect the lien. No action by the collector is referred to except such as relates to giving such notice as will be effective against mortgagees, purchasers, and judgment creditors. The lien is a statutory lien, and I think it clear that it is a right of the United States. The section of the statute quoted makes no provision for relief from this lien except the payment of the tax; and the complaint shows that the tax has not been paid. The Revenue Act of 1926, § 1127, re-enacted in section 3207 of the Revised Statutes, as amended (26 USCA § 136), provides that the Commissioner of Internal Revenue may direct the filing of a bill in equity "to enforce the lien of the United States," and provides that "all persons having liens upon or claiming any interest in the real estate sought to be subjected as aforesaid, shall be made parties"; and it provides that, in all cases where a claim or interest of the United States therein is established, the court "shall decree a sale of such real estate," and "a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."

By section 1030 of the Revenue Act of 1924 (26 USCA § 136), re-enacted as section 1127 of the Revenue Act of 1926, section 3207 is amended. Paragraph (a) of

the amended statute is a repetition of the original statute, with only such change as to recognize the later judicial organization. Paragraph (b) extends to "any person having a lien upon or any interest in such real estate, notice of which has been duly filed of record in the jurisdiction in which the real estate is located, prior to the filing of notice of the lien of the United States as provided by section 3186 of the Revised Statutes as amended, or any person purchasing the real estate at a sale to satisfy such prior lien or interest," to request the Commissioner of Internal Revenue to direct the filing of a bill in chancery to enforce the federal tax lien, and upon his failure so to do within six months, the person so entitled may file his petition in the proper court for leave to file a bill for the "final determination of all claims to or liens upon the real estate in question." The District Court may upon hearing the petition grant leave to file the bill. "The United States and all persons having liens upon or claiming any interest in the real estate shall be made parties." Consistently with this language provision is made for service on the United States in the manner provided by sections 5 and 6 of the Act of March 3, 1887 (28 USCA §§ 762, 763), entitled "An act to provide for the bringing of suits against the government of the United States." Further, it is provided that, "for the purpose of such adjudication, the assessment of the tax upon which the lien of the United States is based shall be conclusively presumed to be valid."

It appears then that this statute creates a lien in favor of the United States; or the language of it indicates that the tax lien is a right of the United States; that the United States may file its bill in chancery for its enforcement; and that no other party may do so until after the United States has failed to file such bill after demand made; and that, when such other party having taken the steps provided for, to vest himself with the right to file a bill, begins his suit, he must make the United States a party defendant, and must serve it with process, as in other cases of suits against the United States; and that he may not question the validity of the assessment upon which the lien of the United States is founded.

It appears that section 3207 grants a remedy to persons other than the government, but only to such persons as have liens upon or interest in the real estate prior to the filing of the lien of the United States, or to persons purchasing the real estate at a sale to satisfy such prior lien or interest.

[2, 3] In the case at bar, the complainant shows no interest whatever in the real estate nor any demand upon the United States to enforce the lien. The lien is strictly a statutory one, and I think section 3207 of the Revised Statutes is intended to provide the exclusive remedy for a judicial determination of the lien involved in the case. This bill of complaint does not plead facts which give it a right to enforce its lien. The lien is then a right of the United States, and no Collector of Internal Revenue has, I think, any right to dispose of it.

[4-6] The complainant does not, I think, state any case entitling it to a right based upon subrogation; for the bill affirmatively pleads that the taxes due to the United States, and for which there is a lien in its favor, remain unpaid, and that the complainant has not complied with the conditions of the bond. It is clear that, in order that a surety may have subrogation, the debt must be paid in full. Columbia Finance & Trust Co. v. Kentucky Union R. Co. (C. C. A.) 60 F. 794.

Nor does the complaint show that the complainant has a right to relief on principles of exoneration, for the right to exoneration arises between parties who are liable for the same debt, by which, when a party secondarily liable, has paid the principal's obligation, or any part thereof, he is entitled to be reimbursed by the principal debtor, and can bring a bill in equity to enforce that right. It is not alleged that anything has been paid in this case. Comstock v. Corbin et al., 191 Mich. 639, 158 N. W. 106.

[7-9] The matter now before the court is the motion of Jones for "a dismissal of the complaint as against him." It seems clear to me that the subject-matter of the complaint is one in which the United States is a necessary party in interest, and as to which the court may not act without the United States being made a defendant. The United States cannot be sued without its consent. As I have already found, the only consent which it can have in cases of this sort is found in section 3207 as amended, and the complaint affirmatively disclosed that this complainant is not within the class of persons entitled to the favor of that statute. The statute creating a lien clearly gives no right to the collector with regard to its enforcement or otherwise. Nor does the remedy provided in section 3207 contemplate any order affecting the collector. In Belknap v. Schild, 161 U. S. 10, 17, 16 S. Ct. 443, 445 (40 L. Ed. 599), speaking for the court, Mr. Justice Gray, in his opinion says:

· "A public officer is not personally liable on a contract, although under his own hand and seal, made by him in the line of his duty, by legal authority, and on account of the government, and inuring to its benefit, and not to his own. Hodgson v. Dexter, 1 Cranch, 345, 2 L. Ed. 130. See, also, Macbeath v. Haldimand, 1 T. R. 172; Unwin v. Wolseley, 1 T. R. 674; Palmer v. Hutchinson, 6 App. Cas. 619."

See, also, Leather et al. v. White (C. C. A.) 296 F. 477.

I am constrained to find that the complaint charges no acts of John F. Jones, either official or personal, with reference to the lien in question which require him to answer or which make him a proper party to any decree of this court. He clearly is not, then, a party in interest in the proceeding; and it is ordered that the complaint be dismissed as to him. A decree may be submitted, not inconsistent with this opinion.