**CZIESLIK v. BURNET, Commissioner of Internal Revenue, et al.**

No. 5778.

District Court, E. D. New York.

Jan. 20, 1932.

John J. McGinniss, of Brooklyn, N. Y., for plaintiff.

Howard W. Ameli, U. S. Atty., by Albert D. Smith, Asst. U. S. Atty., both of Brooklyn, N. Y., for defendants.

CAMPBELL, District Judge.

This is a motion made by the defendants to dismiss the complaint herein on the ground that the court is without jurisdiction of the subject-matter or of the parties to this proceeding, and for such other and further relief as to the court may seem just and proper.

The plaintiff alleges that a paper purporting to be a lien for an income tax, in favor of the United States of America against him, was filed on May 8, 1928, in the office of the clerk of this court, by one Hugh G. Neary, as deputy collector of internal revenue for the First district of New York, claiming to so act as deputy in charge under Warren G. Price, collector, in the sum of $2,002,969.04, grouping four years (1918, 1919, 1920, 1921).

The plaintiff further alleges that said lien was improperly filed, in that the years

1918, 1919, 1920, and 1921, were grouped into one statement in said lien, and not showing any specific amount for any particular year, and that no such tax was properly and legally levied, and that there was no lien of which notice could be filed, setting forth specific reasons he assigns in support of his contention, and that said lien is null and void, and that the said defendants David Burnet, as Commissioner of Internal Revenue, and Walter E. Corwin, as collector of internal revenue, First district of New York, have continued the lien and refused to cancel the same, to the great and manifest injury of the plaintiff, and that plaintiff has no adequate remedy at law.

The plaintiff further alleges that David H. Blair was at the time of the filing of said lien Commissioner of Internal Revenue, and has since been succeeded as such Commissioner by the defendant David Burnet, and that Warren G. Price was at the time of the filing of said lien collector of internal revenue, First district of New York, and has since been succeeded as such collector by the defendant Walter E. Corwin.

The law with reference to when the lien shall arise and as to filing the same is found in title 26, section 115, U. S. Code (26 USCA § 115), originally section 3186 Revised Statutes, and so much thereof as is necessary for consideration herein reads as follows:

"§ 115. Lien for taxes. (a) If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or become unenforceable by reason of lapse of time.

"(b) Such lien shall not be valid as against any mortgagee, purchaser, or judgment creditor until notice thereof has been filed by the collector—* * *

"(2) In the office of the clerk of the United States District Court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law provided for the filing of such notice; or * * *

"(c) Subject to such regulations as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may prescribe, the collector of internal revenue charged with an assessment in respect of any tax—

"(1) May issue a certificate of release of the lien if the collector finds that the liability for the amount assessed, together with all interest in respect thereof, has been satisfied or has become unenforceable; * * *

"(3) May issue a certificate of partial discharge of any part of the property subject to the lien if the collector finds that the fair market value of that part of such property remaining subject to the lien is at least double the amount of the liability remaining unsatisfied in respect of such tax and the amount of all prior liens upon such property."

The lien so filed is the property of the United States of America, not subject to disposition of the collector of internal revenue. Maryland Casualty Co. v. Charleston Lead Works (D. C.) 24 F.(2d) 836, 838.

The lien so filed is the property of the United States of America, and neither of the defendants has any interest therein, and no determination can be had in an action to which the United States is not a party. Maryland Casualty Co. v. Charleston Lead Works, supra; Stafford Mills v. White (D. C.) 41 F.(2d) 58.

The United States of America is a sovereign and cannot be sued without its consent (State of Louisiana v. McAdoo, 234 U. S. 627, 34 S. Ct. 938, 58 L. Ed. 1506), and a waiver by the United States of America of sovereign immunity from suit must be strictly construed. U. S. v. Michel, 282 U. S. 656, 51 S. Ct. 284, 75 L. Ed. 598.

The action at bar is in effect an action to remove a lien, and the United States has not consented to be sued to remove a lien nor to compel the taking of steps for the enforcement of the tax, except in a case where there is real estate subject to the lien, on which there is a lien held by any person. In such a case, the holder of such lien or a purchaser at a sale to satisfy the same may request the Commissioner of Internal Revenue to take proceedings to enforce such lien, and, if the same are not taken within the time prescribed by law, may with the permission of the court file a bill in chancery, under which the court shall proceed to adjudicate the matters involved. For the pur-

poses of such adjudication, the assessment of the tax upon which the lien of the United States is based shall be conclusively presumed to be valid. Title 26, section 136, U. S. Code (26 USCA § 136) originally section 3207 Revised Statutes; Maryland Casualty Co. v. Charleston Lead Works, supra.

Even under that section, the District Court is not empowered to completely extinguish tax liens of the United States of America on the premises, but merely to provide for their removal as liens on the premises on which they constitute a cloud on title. Sherwood v. United States (D. C.) 5 F. (2d) 991.

Not only has the United States of America not consented to be sued, but it has by title 26, section 154, U. S. Code (26 USCA § 154) formerly section 3224 of the Revised Statutes, provided: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

■ No proceedings are being taken by the United States of America or the defendants to compel the plaintiff to pay the tax for which the United States of America claims a lien, and therefore, even if the circumstances were such that they could be argued as taking the case out of the statute, if the assessment had not been made, or collection was being sought by distraint or other means, they cannot be so argued here, for the reason that what the plaintiff is demanding is a mandatory injunction, in effect a mandamus, to compel these defendants to cancel and vacate the notice of lien over which they have no power; and further, a mandatory injunction, even if one could be granted in the instant suit, is not to be granted as a matter of right, but only in the sound discretion of the court. The remedy of original mandamus to coerce official action has been silently withheld. McIntire v. Wood, 7 Cranch, 505, 3 L. Ed. 420; Covington & C. Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111.

The circumstances of this case are not such as would justify taking this case out from under the statute. The only unusual circumstance is the size of the lien; but that is not sufficient, as I am at a loss to understand how the plaintiff can suffer irreparable damage, or even very severe damage, when you consider that he made no move for the relief which he now seeks for three and one-half years; the notice of lien having been filed on May 8, 1928, and the complaint in the instant suit not having been filed until November 9, 1931.

■ Congress may not give a federal District Court more power than the Constitution permits, but such court has only the power that Congress grants, and, when power is withheld, a federal District Court cannot exercise it, no matter what private wrong may result. Standard Nut Margarine Co. v. Rose (D. C.) 41 F.(2d) 385.

■ The Commissioner of Internal Revenue and the collector of internal revenue, respectively, who are the parties defendant in this suit, did not take any part in the assessing of the tax or filing of the notice of lien of which complaint is made in the instant suit, nor were they occupants of said offices at the time, and they cannot be held for the acts of their predecessors. Union Trust Co. v. Wardell, 258 U. S. 537, 42 S. Ct. 393, 66 L. Ed. 753.

There is no allegation in the complaint that any claim for refund or credit has been filed with the Commissioner of Internal Revenue, as provided by title 46, section 156, U. S. Code (26 USCA § 156) and that he has acted thereon; therefore this court is without jurisdiction, as that section provides a complete remedy.

■ The collection of income taxes is not enjoinable on the ground of false and fraudulent return, as the individual has a plain, adequate, and complete remedy at law by paying the tax and bringing action to recover it. McDowell v. Heiner (D. C.) 9 F. (2d) 120, affirmed (C. C. A.) 15 F.(2d) 1015.

■ The United States of America is an indispensable party, and, as it cannot be brought in, the suit must be dismissed. Leather v. White (C. C. A.) 296 F. 477.

A decree may be entered in favor of the defendants against the plaintiff, dismissing the complaint, with costs. Settle on notice.