## KESSLER v. ROTHENSIES et al.
### No. 8647.

### District Court, E. D. Pennsylvania.
### May 31, 1935.

Richard H. Woolsey, and Michael Serody, both of Philadelphia, Pa., for plaintiff.

Thomas Erskine and Edward C. Dougherty, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

The power intrusted to any administrative officer to assess a tax and enforce its collection may, when exercised, bear hardly upon the taxpayer. The government, on the other hand, must have a supporting revenue. Taxes are in consequence inevitable and may be demanded. The law must likewise enforce its commands and commissions of acts denounced as crimes may be punished. We may thus have demands and commands which may be confounded. When an excise tax is imposed, the tax collector may demand its payment and enforce his demand by a seizure. When the commission of an act is made criminal and the guilty party is subjected to the payment of a penalty, no administrative officer, even if he be a tax gatherer, can adjudge the guilt and enforce by a seizure the collection of the penalty. The parties here stand on opposite sides of the line of distinction indicated. The line is distinct enough, but it is not always easy to find whether a given act falls on one side or the other of it.

A very forceful argument addressed to us by the resourceful counsel for the plaintiff assumes that the seizure of property in the present instance was to enforce the collection of the penalty imposed by law on a guilty violator of its provisions. From this there follows as a logical result the proposition that an administrative officer cannot adjudge guilt nor can he impose sentence. The latter proposition counsel supports by an unanswerable argument. It is conceivable, whether or not such be the case before us, that traffic in a commodity, such as alcohol, might be subjected to a tax and dealers in it required to take out permits. It might further be that users of alcohol for defined purposes were exempted from the payment of the tax upon giving bond to pay the tax upon all alcohol not so used. It might likewise be that tax defaulters were required to pay an increased sum. If a tax collector, authorized by law to enforce payment of the tax by a levy, is sought to be enjoined, it is obvious that the question raised is a much narrower one than that discussed. It must be conceded that if there is no tax due there is none to be collected. The question, however, is one of the remedial law, not of the substantive. May the collection be enjoined by a court of equity? The answer is that it may or may not as the law provides. The law must decide between two evils. It is a practical hardship upon the plaintiff in such a bill to be required to pay a tax demand before its lawfulness has been determined. On the other hand, to thus delay payment may paralyze the government. Congress has met the difficulty by denying to the courts the judicial power to restrain collection, but giving to the taxpayer recourse to the courts to recover unjust exactions. The remedy here sought is injunction. Revised Statutes, § 3224 (26 U.S.C.A. § 1543), expressly and directly denies to the courts the exercise of the judicial power to restrain the collection of taxes. The sole question thus becomes whether this is a tax or a penalty imposed for law violation. Under the National Prohibition Act, a given exaction might be one or the other. Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061.

Since the repeal of the prohibition features of this law, any exaction must be a tax levy or unlawful. It is in form a

tax levy. It can be nothing else. Its lawfulness thus depends upon whether a tax is due. This the courts cannot determine through injunctive process. The ingenious attempt to justify the exercise of the power on the distinction between the question of whether a tax is payable and the other wholly different question of whether there is a tax cannot be here upheld because here there is a tax and the sole question is whether the plaintiff in this bill is subject to it.

We see no distinction in principle here between the collection of the tax here asked to be enjoined and the collection of an income tax averred to be unjustly demanded. It may, of course, be true that under the fact situation here present the payment of the tax, if justly due, might be enforced by a suit on the bond given by the plaintiff under the permit which he holds. It has been held, however, that this does not give to the plaintiff the right to an injunction. Snyder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901.

█ It is a perverted idea that a penalty is imposed upon a permit holder for unlawful diversion of alcohol. It is the alcohol which is taxed. The only bearing which the permit has is that the holder is exempted from the payment of the tax if the otherwise taxed alcohol is used for manufacturing or other nonbeverage purposes.

The motion to dismiss the bill should be allowed. This likewise disposes of the motion for a preliminary injunction. For appellate and other purposes, no decree is now entered, but leave is granted to submit a formal decree in accordance herewith.