## UNITED STATES v. HENRY.

### No. M—891.

District Court, E. D. Pennsylvania.

Sept. 1, 1939.

J. Cullen Ganey, U. S. Atty., and J. Barton Rettew, Jr., Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

Bernard R. Cohn, of Philadelphia, Pa., for defendant.

---

**618**

KALODNER, District Judge.

This is a motion to dismiss a petition to strike a tax lien from the record.

On March 27, 1935, a tax lien was filed against Albert Henry by the Commissioner of Internal Revenue in the amount of $14,-869.80, with interest, based upon an assessment for diversion of distilled spirits, under Section 600(a), Revenue Act of 1918, as amended by Section 900 of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 302.

On May 5, 1939, Henry filed a petition to strike the tax lien from the record averring —that he had been indicted in 1933 for unlawfully conspiring to violate the National Prohibition Act and the United States Tariff Act, in a diversion of distilled spirits, under Section 600(a) of the Revenue Act of 1918, as amended; that the indictment had been nolle prossed in 1934 (with repeal of the 18th Amendment), that defendant had been discharged from bankruptcy in 1939; that the tax lien results from an intentional and unjust discrimination against him; and that the assessment constituted a penalty and not a tax.

The United States thereupon moved for dismissal of the petition to strike the tax lien from the record.

The motion must be granted.

This court has no jurisdiction to extinguish a tax lien of the United States: Czieslik v. Burnet, D. C., 57 F.2d 715, and cases there cited. The court said at page 716 of 57 F.2d:

"The United States of America is a sovereign and cannot be sued without its consent (State of Louisiana v. McAdoo, 234 U.S. 627, 34 S.Ct. 938, 58 L.Ed. 1506), and a waiver by the United States of America of sovereign immunity from suit must be strictly construed. United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598.

"The action at bar is in effect an action to remove a lien, and the United States has not consented to be sued to remove a lien nor to compel the taking of steps for the enforcement of the tax, except in a case where there is real estate subject to the lien, on which there is a lien held by any person. In such a case, the holder of such lien or a purchaser at a sale to satisfy the same may request the Commissioner of Internal Revenue to take proceedings to enforce such lien, and, if the same are not taken within the time prescribed by law, may with the permission of the court file a bill in chancery, under which the court shall proceed to adjudicate the matters involved. For the purposes of such adjudication, the assessment of the tax upon which the lien of the United States is based shall be conclusively presumed to be valid. Title 26, section 136, U.S. Code (26 U.S.C.A. § 136 [26 U.S.C.A. Int.Rev.Code, §§ 3678, 3679])originally section 3207 Revised Statutes; Maryland Casualty Co. v. Charleston Lead Works, supra [D.C., 24 F.2d 836].

"Even under that section, the District Court is not empowered to completely extinguish tax liens of the United States of America on the premises, but merely to provide for their removal as liens on the premises on which they constitute a cloud on title. Sherwood v. United States, D. C., 5 F.2d 991."

Singularly appropriate also is further language of the court in the same case: "The circumstances of this case are not such as would justify taking this case out from under the statute. The only unusual circumstance is the size of the lien; but that is not sufficient, as I am at a loss to understand how the plaintiff can suffer irreparable damage, or even very severe damage, when you consider that he made no move for the relief which he now seeks for three and one-half years; the notice of lien having been filed on May 8, 1928, and the complaint in the instant suit not having been filed until November 9, 1931."

The petition to strike the tax lien may well be dismissed solely for the reasons already outlined; but it is also evident that the grounds relied upon in the petition are without merit.

The nolle prossing of the indictment has obviously nothing to do with the validity or propriety of the lien; the fact that the defendant may not have been guilty of any criminal act does not, of course, imply as a consequence that he does not owe a tax or that the tax lien has not been properly filed against him. Moreover, there is nothing in the record to show that there is any identity between the grounds for the indictment and the filing of the lien.

The fact of the defendant's discharge in bankruptcy is likewise irrelevant in this discussion; a discharge in bankruptcy does not release a bankrupt from taxes levied by the United States: Chandler Act, Section 17, sub. a(1), 11 U.S.C.A. § 35, sub. a(1).

Finally, the defendant Henry contends that the tax assessment constitutes a penalty and not a lien. Aside from the circumstance that the record is absolutely barren of any facts from which defendant draws this conclusion of law, it may be pointed out that taxes for diversion of distilled spirits have been adjudged not to be penalties: Ferroni v. United States, 7 Cir., 53 F.2d 1013; Kessler v. Rothensies, this District, 15 F.Supp. 387, 388. The Court (Dickinson, J.) said in the case last quoted: "It is a perverted idea that a penalty is imposed upon a permit holder for unlawful diversion of alcohol. It is the alcohol which is taxed."

The plaintiff's motion is granted, and the defendant Henry's petition to strike the tax lien from the record is dismissed.