**UNITED STATES v. KENSINGTON SHIP-
YARD & DRYDOCK CORPORATION
et al.**

**No. 9575.**

Circuit Court of Appeals, Third Circuit.
Argued May 4, 1948.

Decided June 30, 1948.

Hyman Zuckerman, of Philadelphia, Pa.
(Alexander N. Rubin and Goff & Rubin,
on the brief), all of Philadelphia, Pa., for
appellant.

William B. Waldo, of Washington, D. C.,
(Theron Lamar Caudle, Asst. Atty. Gen.,
Sewall Key, George A. Stinson and C.
Moxley Featherston, Sp. Assts. to the Atty.
Gen., Gerald A. Gleeson, U. S. Atty., and
Thomas J. Curtin, Asst. U. S. Atty, both of
Philadelphia, Pa., on the brief), for United
States.

Thomas C. Egan, of Philadelphia, Pa.,
for receivers of Kensington Shipyard &
Drydock.

Richard E. Wellford, of Washington,
D. C., Mark Willcox, Jr., and MacCoy,
Brittain, Evans & Lewis, all of Philadel-
phia, Pa. (James S. Clifford, Jr., of Phil-
adelphia, Pa., on the brief), for Primary
and Ancillary Receivers of Aerodynamic
Research Corporation.

William T. Campbell, of Philadelphia,
Pa., (Herbert A. Barton and Swartz,
Campbell & Henry, all of Philadelphia, Pa.,
on the brief), for Maryland Casualty Co.

Before McLAUGHLIN and O'CON-
NELL, Circuit Judges, and RODNEY,
District Judge.

**McLAUGHLIN, Circuit Judge.**

This appeal is from an order denying appellant's motion to dismiss the government's action under Section 3678 of the Internal Revenue Code, 26 U.S.C.A.Int. Rev.Code, § 3678,[1] to enforce the tax lien of the United States for over $2,000,000 against Kensington Shipyard and Drydock Corporation, a Pennsylvania corporation, and its parent company, Aerodynamic Research Corporation.

Aerodynamic, chartered as a non-business corporation of the District of Columbia, was actually a holding company for several business concerns, including Kensington. Federal tax liens against Aerodynamic were filed on March 31, 1947 and April 3, 1947 in the District of Columbia. Because Aerodynamic had transferred some of its assets to Kensington, the Commissioner of Internal Revenue levied a jeopardy assessment against the latter as such transferee. This lien was in the same amount as against Aerodynamic and was properly filed in Philadelphia, April 3, 1947.

Thereafter on May 20, 1947 the government filed a bill of complaint against Aerodynamic in Washington under Section 3678, supra, for the collection of the tax. John Lewis Smith was appointed receiver of the corporation and, by a supplemental order dated June 13, 1947, he was directed "to take complete possession and control" of the subsidiaries, including Kensington. On June 25, 1947 Smith, as receiver, entered into possession and control of Kensington.

Appellant, the Commonwealth of Pennsylvania, has two tax liens totaling $35,000 which were settled June 25, 1947 and August 6, 1947 respectively. On August 27, 1947 the Commonwealth brought what was in effect a general creditor's bill against Kensington in the state court. Neither the United States nor Aerodynamic was a party to this suit. The complaint sought to have Kensington's property "charged primarily with the payment of Pennsylvania Creditors of Aerodynamic Company and the Kensington Company". Appellant's motion to appoint a receiver in the cause was postponed until Kensington's contracts with the United States Maritime Commission to reconvert two vessels (The Todd and The Woodford) were completed. Prior to anything further happening in that litigation, the present suit was started jointly by the United States and the Receiver of Aerodynamic. All known creditors were made parties. Among other things, the complaint prayed for the appointment of Smith as ancillary receiver of Aerodynamic and Kensington; for the

---

[1] "Sec. 3678. Civil action to enforce lien on property.

(a) Filing. In any case where there has been a refusal or neglect to pay any tax, and it has become necessary to seize and sell property and rights to property, whether real or personal, to satisfy the same, whether distraint proceedings have been commenced or not, the Attorney General at the request of the Commissioner may direct a civil action to be filed, in a district court of the United States, to enforce the lien of the United States for tax upon any property and rights to property, whether real or personal, or to subject any such property and rights to property owned by the delinquent, or in which he has any right, title, or interest, to the payment of such tax.

"(b) Parties to proceedings. All persons having liens upon or claiming any interest in the property or rights to property sought to be subjected as aforesaid shall be made parties to such proceeding and be brought into court.

"(c) Adjudication and decree. The said court shall, at the term next after the parties have been duly notified of the proceedings, unless otherwise ordered by the court, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property and rights to property in question, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property and rights to property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

"(d) Receivership. In any such proceeding, at the instance of the United States, the court may appoint a receiver to enforce the lien, or, upon certification by the Commissioner during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity."

determining and foreclosing of the government tax lien and for the determining and marshaling of the other liens upon the property. The court below appointed temporary receivers, and, on December 4, 1947, denying the motion of appellants to dismiss the bill of complaint, made the receivers permanent.

■ Appellant urges that its suit vested jurisdiction over the assets of Kensington in the state court and that the latter was entitled to retain that jurisdiction to the exclusion of the receivers appointed in the government's suit under the Internal Revenue Code. Relying upon Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 280, 83 L.Ed. 285, it asserts that this is so even though the property of Kensington had not been physically seized under state court process. In a proper case, unquestionably, actual possession of the property involved is not essential.[2] As Mr. Justice Roberts said in the Thompson opinion, "The doctrine is necessary to the harmonious cooperation of federal and state tribunals." " * * * but where the jurisdiction is not the same or concurrent, and the subject-matter in litigation in the one is not within the cognizance of the other, or there is no constructive possession of the property in dispute by the filing of a bill, it is the date of the actual possession of the receiver that determines the priority of jurisdiction." Harkin v. Brundage, 276 U.S. 36, 43, 48 S.Ct. 268, 271, 72 L.Ed. 457. This principle is reiterated in Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, at page 196, 55 S.Ct. 386, 389, 79 L.Ed. 850, where the court said: "If the two suits do not have substantially the same purpose, and thus the jurisdiction of the two courts may not be said to be strictly concurrent, and if neither court can act effectively without acquiring * * * control of the property pendente lite, the time of acquiring actual possession may perhaps be the decisive factor." Judge Phillips in his oft cited opinion in Ingram v. Jones, 10 Cir., 47 F.2d 135, 141, stated the rule to be:

"On the other hand, where the issues in the subsequent suit are different from those involved in the first suit and the subject-matter is not identical, that is, where the two suits involve different controversies notwithstanding they relate to the same property, there can be no infringement of the jurisdiction of the court in which the first suit is pending by reason of the institution of the second suit in a court of concurrent jurisdiction. Under such circumstances, the court first acquiring possession of the property may retain it until the suit pending before it is determined."

In Empire Trust Co. v. Brooks, 5 Cir., 232 F. 641, there was a pending state court proceeding for the dissolution of a corporation and distribution of its assets under a state statute. No order appointing a receiver had been made and there had been no actual or constructive possession of the property by that court at the time a suit against the property to foreclose a mortgage was commenced in a federal court, where a receiver was appointed who took possession of the mortgaged property. The court said 232 F. at page 645: "The only identity between the two suits in that event is that they relate to the same property, and, this being true, there is no apparent reason why the court which first acquires possession of the property should surrender its possession and thereby defeat its own jurisdiction, a jurisdiction which does not infringe upon the prior jurisdiction of the court in which the first suit was brought."

In Moran v. Sturges, 154 U.S. 256, 14 S.Ct. 1019, 38 L.Ed. 981, the state court suit was first and receivers were appointed in that proceeding. The property involved consisted of ships. Prior to the state receivers taking possession of the vessels the latter were seized under federal process to enforce the collection of maritime liens. The Supreme Court, holding that the jurisdiction was not concurrent, refused to oust the federal court from control of the res.

■ We are satisfied that under the law as outlined we should not disturb the

[2] And see Wabash Railroad v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379; Palmer v. Texas, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435; Farmers' Loan & Trust Co. v. Lake Street El. R. Co., 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667.

possession of the district court's receivers. Despite well presented argument to the contrary the facts indicate fundamental differences in the two actions which cannot be ignored. Unquestionably the two suits relate to the same property. If they did not this controversy would never have come into being. But that is not enough, and it stands virtually alone. The state suit is substantially a state receivership action designed to protect Pennsylvania creditors as to local assets. It does not join as a party, either the United States with a top priority tax lien of some $2,000,000[3] or Aerodynamic, though Kensington's assets are to be charged with the claims of Pennsylvania creditors of the parent corporation. On the other hand, the suit of the United States is the formal foreclosing of its tax lien as prescribed by the statute designed for that purpose. That lien is immune to state action. United States v. Greenville, 4 Cir., 118 F.2d 963, 965. Littlestown National Bank v. Penn Tile Works, 352 Pa. 238, 244, 42 A.2d 606. It has been established against property of a taxpayer and may only be removed as federal laws permit. Metropolitan Life Ins. Co. v. United States, 6 Cir., 107 F.2d 311, 313, cert. den. 310 U.S. 630, 60 S.Ct. 978, 84 L.Ed. 1400. The statute under which the government sued is titled "Civil action to enforce lien on property". Authority for the suit emanates from paragraph (a) of Section 3678, supra, which provides for such action to be brought by the Attorney General at the request of the Commissioner of Internal Revenue. If a receiver were appointed in the state proceeding and he were to attempt to sell the Kensington property, he would be unable to dispose of the federal lien.

The situation in Moran v. Sturges, supra, comes closer to the unusual circumstances of the instant matter than do any of the decisions examined. As in that case we have a unique federal situation beyond the power of the state court. The federal suit in the Eastern District of Pennsyl-

vania derived directly from the original action in the District of Columbia. Both suits are based on the tax liens filed March 31 and April 3, 1947 almost three months prior to the settlement of the first Pennsylvania tax lien and over four months prior to the state suit.

The government's methods in seeking to collect this sizable tax, far from resembling participation in an unseemly receivership scramble, show a succession of orderly, sound, legal moves in accordance with the statute. These would appear to have achieved results which under all the circumstances are fair to everyone concerned, including the State of Pennsylvania, whose claim is fully protected in the federal action. Nor do we find anything reprehensible in the attitude of Kensington as a party to the local suit. Whatever delay ensued in that matter was essentially for a legitimate business purpose, the benefit of creditors. As appellant frankly concedes, there was not a shadow of fraud in that connection.

The judgment of the District Court will be affirmed.

---

[3] The United States is a necessary party to the state suit since the latter affects its lien. Adler v. Nicholas, 10 Cir., 166 F. 2d 674, 680; and see Maryland Casualty Co. v. Charleston Works, D.C. E.D.S.C., 24 F.2d 836; Czeslik v. Burnet, D.C. E.

D.N.Y., 57 F.2d 715. The absence of the government as a party is an element to be considered in determining whether the federal and state actions are substantially the same. United States v. Humboldt Co., 9 Cir., 97 F.2d 38, 45.