STAFFORD MILLS v. WHITE, Collector of Internal Revenue.

No. 3199.

District Court, D. Massachusetts.

Feb. 28, 1930.

Goulston & Storrs and David H. Greenberg, all of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., of Boston, Mass., and William L. Marshall, Sp. Atty., of Washington, D. C., for defendant.

BREWSTER, District Judge.

This is a bill in equity, brought by a taxpayer against the Collector of Internal Revenue for this district, and the remedy sought is a decree dissolving, discharging, and removing a tax lien upon certain real estate of the complainant, which the respondent caused to be recorded in June, 1927. The matter is before the court on the respondent's motion to dismiss on two grounds, first, want of equity, and, second, that the United States, rather than the collector, is the real party in interest, and that it has not given its consent to be sued.

It is my opinion that the bill must be dismissed on both of the grounds named. The material facts alleged are as follows: In

June, 1925, an additional assessment of income and excess profits tax for the calendar year 1918 was levied upon the complainant. A claim for an abatement was filed, and certain credits were given upon taxes for other years, leaving a balance due on account of said taxes of $50,207.12. In order to secure a stay of the collection of this balance, a bond running to the respondent in the sum of $100,000 was given by the complainant, as principal, and the American Employers' Insurance Company, as surety, conditioned upon the payment of said balance, or any other sum that might be found due the respondent, after proceedings before the United States Board of Tax Appeals. Thereafter, to wit, about June, 1927, the collector caused a notice of the lien on the real and personal property of the complainant to be filed in the appropriate registry, which lien the complainant now claims constitutes a cloud upon its title to the property. It is further alleged that the existence of this recorded lien renders it impossible for the company to secure capital, either by incumbering or selling the property, which is imperatively demanded for the preservation of the property, and thereby is suffering irreparable injury, for which there is no adequate remedy at law.

I find nothing in the allegations of the bill, or in the conditions of the bond incorporated therein, which justifies the conclusion that the respondent entered into an agreement to refrain from taking such steps as might be necessary to preserve the lien of the United States for the unpaid taxes, and at the hearing it appeared that the filing of the notice was instigated by the surety company. R. S. § 3186 (26 USCA § 115, note) creates a lien in favor of the United States for the amount of unpaid taxes "from the time when the assessment list was received by the collector," with a proviso that, if the lien is to be valid against any mortgagee, purchaser, or judgment creditor, notice of the lien must be filed either in the District Court or "whenever any State by appropriate legislation authorizes the filing of such notice in the office of the registrar or recorder of deeds of the counties of that State, * * * then such lien shall not be valid in that State against any mortgagee, purchaser, or judgment creditor until such notice shall be filed in the office of the registrar or recorder of deeds of the county or counties, * * * within which the property subject to the lien is situated."

It was pursuant to this statute that the notice, of which the complainant now com-plains, was filed, and, in a proceeding brought only against the officer who performed this purely ministerial act, the court is now asked to dissolve and discharge the lien.

It is plain, from the reading of this statute, that the lien is in favor of the United States, and in any proceeding to dissolve it the United States is a necessary party. Maryland Casualty Co. v. Charleston Lead Works (D. C.) 24 F.(2d) 836. And, since the United States cannot be sued without its consent, there appears to be no alternative other than to dismiss the proceedings.

I am satisfied also that the allegations of the bill do not set out a cause entitling the complainant to the relief which it seeks. The cases arising in this district, upon which the complainant relies, were two cases where injunctive relief was granted to enjoin action which was clearly shown to be illegal and unauthorized and which, if permitted, would have resulted in irreparable injury. Higgins Mfg. Co. v. Page (D. C.) 20 F.(2d) 948; Lafayette Worsted Co. v. Page (D. C.) 6 F.(2d) 399. In the case at bar, injunctive relief is not sought, but rather a mandatory decree, and, as Mr. Justice Brandeis points out in Morrison v. Work, 266 U. S. 481, 490, 45 S. Ct. 149, 153, 69 L. Ed. 394: "A mandatory injunction, like a mandamus, is an extraordinary remedial process, which is granted, not as a matter of right, but in the exercise of a sound judicial discretion. It issues to remedy a wrong. * * *"

It may be conceded upon the pleadings that the existence of the lien is working a great hardship to the complainant, but, if it is there rightfully, there can be no relief, even on the equity side of this court. Every remedy presupposes a wrong to be remedied. There are undoubtedly numerous instances where the payment of a just and lawful tax might work irreparable injury to the taxpayer. I do not believe it would be seriously contended that this court in such event could exercise its equity powers to restrain the government from proceeding with the collection of the tax, and this independent of R. S. § 3224 (26 USCA § 154), which is to the effect that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. I have not discovered, nor would I expect to find, any case that has sanctioned the granting of equitable relief against the acts of a government official without a showing that the official had committed, or was contemplating, some unlawful or unauthorized act, and even then the court would be reluctant

to interfere with the collection of a tax by the United States unless the circumstances were most extraordinary. Higgins Manufacturing Co. v. Page, supra.

Defendant's motion to dismiss is allowed.