## NAUS v. BRODRICK et al.

### Civ. No. W–113.

United States District Court
D. Kansas.

Oct. 12, 1951.

Fred Hinkle, Wichita, Kan., for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe and Mamie S. Price, Sp. Assts. to Atty. Gen., Lester Luther, U. S. Atty., Eugene W. Davis, Asst. U. S. Atty., Topeka, Kan., for defendants.

HILL, District Judge.

This action for recovery of withholding and federal insurance contributions taxes in the sum of $327.71, and for certain equitable relief, was tried by the Court on July 10, 1951. The plaintiff and the defendants were represented by their respective counsel. The case was tried upon the issues made by the pleadings, and oral and other evidence submitted to the Court. Upon consideration of the evidence and issues presented in this case the Court, having concluded that judgment should be for the defendants, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. The plaintiff, Harold G. Naus, is a citizen of the United States of America, is over 21 years of age, and is domiciled in and is a citizen of the State of Kansas. The defendant, Lynn R. Brodrick, is a citizen of the State of Kansas, and at all times material to this action was and still is the duly appointed, constituted and acting United States Collector of Internal Revenue for the District of Kansas. The defendant, United States of America, is a corporation sovereign and body politic.

2. The "First Cause of Action" set out in the complaint herein is an action for recovery of a sum of money paid by plaintiff to the defendant Collector of Internal Revenue, and it arises under the internal revenue statutes. The "Second Cause of Action" set out in the complaint is for general legal or equitable relief, and no statutory basis has been shown for the relief requested therein.

3. On or about October 19, 1946, the plaintiff, Harold G. Naus, was married to Geneva Alexandria Burleson, a citizen of the United States and a resident of Augusta in Butler County, Kansas, and the plaintiff remained married to her until the time of her death on July 7, 1947. Prior to her marriage to the plaintiff Geneva Alexandria Burleson began the operation of two beauty shops in Butler County, Kansas, and continued the operation of those shops after her marriage and until the time of her death. In the operation of those shops she became indebted to the defendant, United States of America, for certain withholding and federal insurance contributions taxes, as set out hereinbelow.

4. On November 6, 1946, Geneva Alexandria Burleson, as owner of Vogue Beauty Shop at Augusta, Kansas, signed and filed with the defendant Collector of Internal Revenue, on Treasury Form W–1, a quarterly return of income tax withheld on wages for the period ended June 30, 1946, in the amount of $235.77; this return was received by the Collector, without remittance, on November 15, 1946. On April 28, 1947, Geneva Alexandria (Burleson) Naus, as owner of Vogue Beauty Shop at Augusta, Kansas, signed and filed with the defendant Collector of Internal Revenue, on Treasury Form SS–1a, Employer's Tax return for the quarter ended March 31, 1947, showing federal insurance contributions tax due for that period in the amount of $19.56; this return was received by the Collector, without remittance, on May 14, 1947.

5. On December 8, 1947, the plaintiff, as Administrator of the estate of his wife, Geneva Alexandria (Burleson) Naus, signed and filed with the defendant Collector of Internal Revenue, on Treasury Forms W–1 quarterly returns of income tax withheld on wages for the periods ended June 30, 1947, and July 8, 1947 "Final", in the respective amounts of $120.90 and $3.90; and on Treasury Form SS–1a, quarterly returns of Employer's Tax, for the same periods, showing federal insurance contributions taxes due in the respective amounts of $24.82 and $6.78. All these returns, filed by plaintiff as Administrator of his wife's estate, were received by the Collector without remittance; the returns for the period ended June 30, 1947, were received by the Collector on October 1, 1947, and the returns for the final period, ended July 8, 1947, were received by the Collector on December 9, 1947.

6. The taxes returned, as set out in paragraph numbered 4 and 5, hereinabove, were duly assessed, with delinquent penalties and interest. On July 26, 1947, a notice of tax lien was filed by the Collector with the Register of Deeds of Butler County, Kansas, against "Geneva A. Burleson, Vogue Beauty Shoppe", for with-

holding taxes for the period April 1, 1946 through June 30, 1946, in a total amount of $287.77; on October 18, 1947, a notice of tax lien was filed by the Collector with the Register of Deeds for Sedgwick County, Kansas, against "Geneva A. Burleson Naus, Dec'd", for insurance contributions taxes for the period January 1 through 31, 1947, in the sum of $19.71; and for withholding taxes for the period April 1 through June 30, 1946, in the sum of $240.62, and for the period January 1 through March 31, 1947, in the sum of $107.01. Subsequently, on or about January 15, 1948, a further notice of tax lien was filed by the Collector with the Register of Deeds of Sedgwick County, Kansas, against Mrs. Geneva A. Burleson Naus, for insurance contributions and withholding taxes for the period April 1, through July 8, 1947, in the amount of $186.96. All these notices of tax liens filed were on Treasury Form 668, which contained the printed statement that the taxes set out therein were a Lien "in favor of the United States upon all property and rights to property belonging to said taxpayer, to wit:". Then followed the name of the taxpayer, as shown hereinabove. The name of the plaintiff, Harold G. Naus, did not appear on any of these notices of tax lien; and none of the notices of tax lien described any property that may have belonged to the taxpayer named therein.

7. The plaintiff in this action has made no contention that the taxes assessed against his wife, as hereinabove set forth, were not properly due and owing by her to the defendant United States of America.

8. On or about May 21, 1947, by warranty deed, W. R. Snodgrass and others conveyed to the plaintiff, Harold G. Naus, and to Geneva Alexandria Naus, husband and wife or the survivor as joint tenants and not as tenants in common, certain real property which is described in the complaint herein as follows: Lot Seven (7), Block Eighteen (18) in Schweiter's Ninth Addition to the City of Wichita, Sedgwick County, Kansas. This deed was duly recorded in Sedgwick County, Kansas, on June 6, 1947. About January 1948, the plaintiff entered into an agreement with Jerry F. Daniels and Maude M. Daniels, husband and wife, to convey to them for a valuable consideration the real property described above. Upon examination of the abstract of title the Daniels discovered that there were notices of federal tax liens of record against Mrs. Geneva A. Burleson Naus, the plaintiff's deceased wife and they refused to carry out the agreement to purchase this property unless the plaintiff indemnified them against any claim that might be asserted against it by reason of these outstanding notices of tax liens.

9. Thereafter the plaintiff contacted the defendant Collector of Internal Revenue, or his representative, and requested that the notices of tax liens in question be discharged of record. Upon the Collector's refusal to discharge the notices of tax liens, the plaintiff, Harold G. Naus, on or about January 27, 1948, paid to the defendant Collector the withholding and federal insurance contributions taxes, penalties, and interest outstanding against his wife, which had been assessed for periods subsequent to her marriage to the plaintiff, in the sum of $327.71. The notices of liens covering these taxes were then discharged by the Collector. The plaintiff did not pay the withholding taxes, penalties and interest assessed against his deceased wife for the period April 1 through June 30, 1946, which was prior to their marriage, in the sum of $240.62. About January 31, 1948, the plaintiff deposited with Jerry F. Daniels and his wife the sum of $240.00 for the purpose of indemnifying them against any claim that might be made against the property described by reason of the notice of tax lien still of record against his deceased wife.

10. About August 18, 1948, the plaintiff, as Administrator of the estate of his wife, Geneva A. Naus, filed three claims for refund with the defendant Collector of Internal Revenue, as follows: One claim for withholding taxes, penalties and interest, in the sum of $267.69, for the period January 1 through July 8, 1947; one claim for federal insurance contributions taxes, penalties and interest, in the sum of $60.02, for the period January 1 through July 8,

1947; and one claim for withholding taxes and interest in the sum of $240.62 for the period April 1 through June 30, 1946. The bases of the claims for refund with respect to the withholding taxes were stated to be that the assessments were paid from the personal funds of the deponent, and not from the estate of the decedent, and were paid "in an attempt to remove the lien so he could sell his lands"; and with respect to the claim covering the insurance contributions taxes it was stated that deponent paid the assessment from his personal funds "under a misapprehension of his legal rights and in order to attempt to remove a tax lien wrongfully filed on his own real estate". In a statement entitled "Extended Statement of Facts", signed for the plaintiff by his attorney and submitted with these claims for refund, the assessment for withholding taxes for the period April 1 through June 30, 1946, in the sum of $240.62, was referred to, followed by the statement: "This item of taxes the claimant did not pay, he supposes because it was assessed in the name of Burleson and, perhaps was not found by the Collector at the time the computation of tax was made. This tax was assessed even before the claimant married the deceased."

11. In a letter dated February 28, 1949, addressed to plaintiff and signed by a Deputy Commissioner of Internal Revenue, the plaintiff was advised that his claim for refund of $60.02 taxes, penalty and interest paid under the Federal Insurance Contributions Act, 26 U.S.C.A. §§ 1400–1432, for the period January 1, through July 8, 1947, was disallowed. In explanation of the reason for this disallowance, that letter contained the statement that one who is under no obligation to pay the federal tax liability of another does pay such tax liability, he cannot recover any part of the tax paid unless he is able to establish that the payment was involuntary. Cases were then cited and quotations therefrom set out in support of that statement; and the plaintiff was further advised that the Commissioner's Office was of the opinion that the payment made by him was voluntary; that the taxes were assessed against Mrs. Naus rather than the claimant, and that the no-

tices of tax lien plainly showed that the taxes were liens upon the property of the taxpayer, and that the name of Harold G. Naus did not appear on such notices.

12. In a letter dated March 3, 1949, addressed to plaintiff and signed by the defendant Collector of Internal Revenue, the plaintiff was advised that his claim for refund of withholding taxes paid by him for the period January 1 through July 8, 1947, in the sum of $267.69, was disallowed for the same reasons set out in the letter of February 28, 1949, from the Deputy Commissioner of Internal Revenue; that with respect to the claim covering withholding taxes for the period April 1 through June 30, 1946, although Claimant stated in the claim that they had been paid by him, the Collector's records showed that this tax, penalty and interest had not been paid; and that "In view of the fact that the taxes were assessed against Mrs. Geneva A. Burleson (Naus), rather than against you, your claim for abatement in the amount of $240.62 is hereby disallowed.

13. After disallowance of his claims for refund, the plaintiff, on or about May 4, 1950, filed this action against the Collector of Internal Revenue, praying (A) for a refund of the taxes assessed against his wife and paid by him in the sum of $327.71, plus interest according to law; (B) for interest at 6% per annum on the sum of $240 from January 31, 1948; and (C) for judgment and decree "Releasing the above described real estate from any and all liens thereon as claimed by the Defendant and expunging the records of the Register of Deeds of Sedgwick County, Kansas, in conformity therewith. Directing the defendant to file a release thereof insofar as the above described land is concerned and as against this plaintiff and to cause the same to be recorded in the office of the Register of Deeds of Sedgwick County, as aforesaid."

14. Answer was filed on behalf of the defendant Collector of Internal Revenue with respect to the demand for refund of the taxes paid by the plaintiff; and in a separate defense in the answer it was set out that federal tax liens are the property of the United States of America, and that

the Collector of Internal Revenue is not a proper party defendant to an action affecting such liens. Thereafter plaintiff filed a motion to join the United States of America as a defendant in this action, which motion was granted. The United States then filed a motion to dismiss this action as to it, alleging (1) a misjoinder of parties defendant; (2) that the United States had not consented to be sued in this action; and (3) a lack of jurisdiction over the United States in this case since service had not been made upon it in accordance with the Federal Rules of Civil Procedure, 28 U.S.C.A. The motion of the United States was denied and service upon it ordered. Copies of a summons and of the original complaint thereafter were forwarded to the Attorney General and copies served upon the United States Attorney for the District of Kansas. Answer was filed on behalf of the United States, alleging, with respect to the "First Cause of Action" set out in the complaint, a misjoinder of parties defendant; and, with respect to the "Second Cause of Action", a lack of statutory authority for an action of this nature against it, or for the granting, by a decree of the Court, the relief prayed for therein. Plaintiff filed a general denial in reply to the Answer of the United States. The issues thus joined were tried by the Court.

15. The demand contained in paragraph "B" of the prayer to the plaintiff's complaint, for interest on the sum of $240 from January 31, 1948, was waived by counsel for the plaintiff in open court.

16. In consideration of the above findings of fact, the Court makes the following ultimate findings:

A. The payment to the defendant Collector of Internal Revenue, on or about January 27, 1948, of taxes, penalties and interest assessed against Geneva Alexandria (Burleson) Naus and owing to the United States in the sum of $327.71, was voluntarily made by the plaintiff.

B. The notices of tax liens filed by the defendant Collector of Internal Revenue in Butler County, Kansas, against Geneva Alexandria Burleson and in Sedgwick County, Kansas, against Geneva A. (Burleson) Naus, purported to be liens only upon the property and rights to property belonging to the taxpayer named, in those notices; the name of the plaintiff, Harold G. Naus, did not appear on any of those notices of tax lien; and no property of the taxpayer named therein was described in thoses notices of tax lien.

C. The plaintiff has failed to show any statutory, or other, authority for the discharge or extinguishment, by a decree of the Court, of a notice of tax lien covering taxes due and owing to the United States, where such notice of lien has been filed by the Collector of Internal Revenue in the exercise of his duty as an officer of the United States; and

D. The plaintiff has failed to show any statutory, or other, authority for a decree or order of the Court, releasing and discharging any property that may be subject thereto from such liens.

Conclusions of Law

1. This Court has jurisdiction of this cause and of the parties hereto.

2. The federal taxes, penalties and interest, assessed against the plaintiff's wife, Geneva Alexandria Burleson Naus, were due and owing to the United States by that taxpayer, and the payment to the defendant Collector of the sum of $327.71 of that tax liability was voluntarily made by the plaintiff and may not be recovered by him. Stahmann v. Vidal, 305 U.S. 61, 59 S.Ct. 41, 83 L.Ed. 41; Wourdack v. Becker, 8 Cir., 55 F.2d 840.

3. The evidence in this case fails to show that the plaintiff is entitled to the relief prayed for in paragraph "C" of the prayer to his complaint; and the plaintiff has failed to show any statutory, or other, authority for the granting of such relief by a decree of the Court. Compare: Metropolitan Life Insurance Co. v. United States, 6 Cir., 107 F.2d 311, and Integrity Trust Co. v. United States, D.C., 3 F.Supp. 577.

4. Federal tax liens are the property of the United States of America, rather than the Collector of Internal Revenue. Czieslik v. Burnet, D.C., 57 F.2d 715; Stafford Mills v. White, D.C., 41 F.2d 58.

5. Plaintiff has failed to show any statute authorizing a suit against the United States for the discharge or extinguishment, by a decree of the Court, of a notice of tax lien covering taxes due and owing to the United States, or for the release or discharge from such liens, by decree of the Court, of property that may be subject to such tax liens. Only such types of actions as are specifically authorized by federal statute may be maintained against the United States. United States v. Clarke, 8 Pet. 436, 8 L.Ed. 1001; Eastern Transportation Co. v. United States, 272 U.S. 675, 47 S.Ct. 289, 71 L.Ed. 472; Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633.

6. The plaintiff has now, and at all times material hereto has had, a plain, adequate and complete remedy at law, as provided for in Title 28, Section 2410, United States Code, for the adjudication of any lien the United States may have or claim against plaintiff's property, and for the quieting of plaintiff's title to property from any cloud thereon resulting from the notices of tax liens filed against the plaintiff's wife, Geneva A. Burleson Naus. In view of this plain, adequate and complete remedy at law, the plaintiff has failed to show any basis for equitable relief with respect to his title to the property described in the complaint.

7. Judgment in accordance with these findings of fact and conclusions of law will be entered for the defendants, dismissing the complaint herein, with defendants' allowable costs to be taxed.