**RIVOLI TRUCKING CORPORATION,**
Plaintiff-Petitioner,

v.

**Thomas E. SCANLON, District Director of Internal Revenue Service for the Brooklyn District of New York, and William Argyropolous, Collection Officer of the Internal Revenue Service for the Brooklyn District of New York, Defendants-Respondents.**

Civ. No. 18539.

United States District Court
E. D. New York.
May 7, 1958.

**54**

Liebowitz, Cobert & Deixel, New York City, for plaintiff-petitioner. Eugene O. Cobert, New York City, of counsel.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for defendants-respondents. L. Donald Jaffin, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

ZAVATT, District Judge.

The plaintiff states that this action is brought pursuant to Title 5 United States Code Annotated, Section 1009. The corporation asks the Court to "review" the determination made by the District Director of Internal Revenue and by a collection officer of the Internal Revenue Service to file liens and to levy upon the corporation's assets. The relief sought is that "the Treasury be estopped from enforcing its liens" until such time as proceedings now before the Federal Maritime Board, an agency of the United States Department of Commerce, are determined, and until such time as that Board acts upon an application submitted to it.

The complaint specifically alleges that the plaintiff does not contest its tax liability nor the validity of the tax liens which have been filed. The plaintiff claims to be aggrieved by the alleged failure of the Federal Maritime Board and the "Congressionally created Bi-State Waterfront Commission" to aid plaintiff in its dispute with the New York Shipping Association, an organization in no way connected with the United States government. It appears that the proceedings before the Federal Maritime Board, of which the defendants had notice at the time the liens were filed, have been brought by the plaintiff to obtain damages and other relief against the activities of the New York Shipping Association and some seventy terminal operators who are allegedly acting unlawfully in prohibiting the loading and unloading by the plaintiff of its trucks on the piers of the New York waterfront. Plaintiff contends that the Board has "closed its eyes" to violations of law and is, in effect, permitting the continuance of a conspiracy. The drift of plaintiff's argument is that the Court should not permit an agency of the United States government to file tax liens and levy upon the assets of the corporation (which will render the plaintiff insolvent) while the plaintiff is being prevented from obtaining funds for the payment of its admittedly owing taxes by the failure of another government agency to properly perform its functions.

The defendants have moved to dismiss the complaint on the ground that the Court lacks jurisdiction of the subject matter of the action and on the further ground that the complaint fails to state a claim upon which relief can be granted. With these contentions I agree.

While the defendants herein are nominally the District Director of Internal Revenue and a collection officer of the Internal Revenue Service, there is no question but that the relief sought is compulsion against the sovereign. This is so because the sovereign can act only through its agents, and to estop the activities of the agents now before the Court must mean to restrain the United States. It is axiomatic that the Court has no jurisdiction of such a suit other than by consent of the sovereign. Short of consent, the only cases recognized in which a restraint may be obtained against the conduct of a government official acting in his official capacity are those (1) in which the official's conduct is *ultra vires* his statutory authority, and (2) in which the statutory powers authorizing the conduct or their exercise in the particular case are constitutionally void. Larson v. Domestic & Foreign Corp., 1949, 337 U.S. 682, 69 S.Ct. 1457,

69 S.Ct. 1457, 93 L.Ed. 1628. The instant proceeding is not such a case.

 The plaintiff can point to no consent by the Government to be sued herein. Actually, Title 26 United States Code Section 7421(a) provides that subject to exceptions not here pertinent, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court". To this provision, which is found in previous Internal Revenue statutes (Act of March 2, 1867, 14 Stat. 475, R.S. § 3224), has been engrafted the exception that a suit may be maintained where, "in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence". Miller v. Standard Nut Margarine Co. of Florida, 1932, 284 U.S. 498, 52 S.Ct. 260, 263, 76 L.Ed. 422. As stated in Concentrate Mfg. Corp. v. Higgins, 2 Cir., 1937, 90 F.2d 439, 441, certiorari denied 1937, 302 U.S. 714, 58 S.Ct. 33, 82 L.Ed. 551, an exceptional case is presented "at best only when the taxpayer is put to the direst necessity, and can make out a case of gross and indisputable oppression, without adequate remedy at law". I am aware of no case in which suit has been permitted to restrain the collection of a tax which was concededly valid, or in which the plaintiff in his complaint did not contest his obligation to pay such tax. Cf., Homan Mfg. Co. v. Long, 7 Cir., 1957, 242 F.2d 645, 653, stating that "For the Miller case principles to become operative 'special and extraordinary circumstances' must combine with illegality". Since the plaintiff admits that the tax is valid and has not made out a case of gross and indisputable oppression, I hold that the jurisdiction of this court to entertain this suit is barred. Jurisdiction may not be grounded upon Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, for judicial review of the action herein is specifically precluded by 26 U.S.C. § 7421, supra.

 This action must fail for the further reason that the plaintiff is not entitled to relief under any facts which may be proved in support of the claim set forth in the complaint. Assuming, without deciding, that the plaintiff is entitled to the relief which it seeks before the Federal Maritime Board, I am aware of no law under which the Court may enjoin the enforcement of otherwise valid tax liens pending determination by the Federal Maritime Board. The matter before the Board is extraneous to the question of tax liability, notwithstanding the plaintiff's claim that success before the Board will enable it to pay the taxes. And the fact that the Board has "closed its eyes" to violations of the plaintiff's rights by private individuals and organizations cannot justify action by the Court in estopping the United States from enforcing plaintiff's independent obligations under the Internal Revenue Code.

The complaint will be dismissed. Settle order.