James R. **WHELPLEY**, Plaintiff,

v.

A. R. **KNOX**, District Director of Internal Revenue for the District of Minnesota, Defendant.

Civ. No. 3–57–169.

United States District Court
D. Minnesota,
Third Division.

Sept. 8, 1959.

Carl K. Lifson, Minneapolis, Minn., for plaintiff.

Fallon Kelly, U. S. Atty., St. Paul, Minn., for defendant. John J. Gobel, Tax Division, Dept. of Justice, Washington, D. C., of counsel.

BELL, District Judge.

In this action the plaintiff seeks to compel the District Director of Internal Revenue to issue certificates of release of certain tax liens against the plaintiff's property. The complaint alleges that the plaintiff became liable to the United States for certain withholding and employment taxes. These liabilities were assessed and liens duly created in favor of the United States which were filed in the Office of the Register of Deeds of Hennepin County, Minnesota. Thereafter, the plaintiff filed a voluntary petition in bankruptcy and was adjudicated bankrupt on March 27, 1950. The United State submitted proofs of claims in that proceeding embracing the tax liabilities on which the aforementioned liens were based. The Government's claims were allowed in the final bankruptcy order but remained unpaid and the plaintiff was discharged in bankruptcy from his dischargeable debts. The plaintiff contends that the statute of limitations now precludes enforcement of these liens and seeks to have this Court force the defendant to issue a "Certificate of Release of Federal Tax Lien" for each of the liens.

The District Director moved to dismiss this action on the grounds (1) that this action does not lie against the District Director because he has no proprietary interest in the liens and (2) that the tax liens are the property of the United States which is a necessary party in actions affecting such liens.

The plaintiff reasons that the liens arising from the tax liabilities are unenforceable because the statute of limitations has run upon the collection of these liabilities. For this reason he alleges that he is entitled to mandatory relief under the Administrative Procedure Act compelling the District Director to release the liens citing Section 6325 of the Internal Revenue Code of 1954, 26 U.S. C.A. § 6325, as conferring such power upon the District Director. This section states:

> "(a) *Release of lien.*—Subject to such rules or regulations as the Secretary or his delegate may prescribe the Secretary or his delegate may issue a certificate of release of any lien imposed with respect to any internal revenue tax if—
>
> "(1) *Liability satisfied or unenforceable.*—The Secretary or his delegate finds that the liability for the amount assessed, together with all interest in respect thereof, * * * has become legally unenforceable, * * *."

The purpose of this suit is to expunge the federal tax liens outstanding against the plaintiff's property. It is well settled that the District Director has no proprietary interest in the tax liens, Stafford Mills v. White, D.C.Mass., 41 F.2d 58; Naus v. Brodrick, D.C.W.D. Kan., 103 F.Supp. 233, but that such liens

are the property of the United States thereby making the United States a necessary and indispensable party in any action affecting such liens, Jones v. Tower Production Co., 10 Cir., 138 F.2d 675; Czieslik v. Burnet, D.C.E.D.N.Y., 57 F.2d 715; Maryland Casualty Co. v. Charleston Lead Works, D.C.E.D.S.C., 24 F.2d 836.

As stated in State of Minnesota v. Hitchcock, 185 U.S. 373, at page 387, 22 S.Ct. 650, 656, 46 L.Ed. 954:

"The question whether the United States is a party to a controversy is not determined by the merely nominal party on the record but by the question of the effect of the judgment or decree which can be entered."

Applying this test to the case at hand, the effect of the certificate of release sought by the plaintiff is to extinguish the tax liens upon the property covered by it. Section 6325(c) of the Internal Revenue Code of 1954. The powers conferred upon the District Director by this section make the liens no less the property of the United States. Thus the effect of the decree sought by the plaintiff will be to destroy the United States' ownership of these liens. Therefore, the United States is an indispensable party to this suit but one that cannot be sued in absence of its statutory consent.

The Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., relied upon by the plaintiff is not an implied waiver of all government immunity from suit, Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534. Furthermore, the Administrative Procedure Act does not apply to suits restraining the collection of federal taxes by reason of the prohibition against such suits in Section 7421 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421. Rivoli Trucking Corp. v. Scanlon, D.C.E.D.N.Y., 162 F.Supp. 53.

Accordingly, the defendant's motion to dismiss will be granted.